IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CECIL CANNADAY, derivatively on behalf of nominal defendant HELIOS HIGH INCOME FUND, INC., <br><br> Plaintiff, <br><br> v. <br><br> BRIAN B. SULLIVAN, et al., <br><br>         Defendants. | No. 10-2188 |
| CECIL CANNADAY and RONALD GODFREY, derivatively on behalf of nominal defendant HELIOS STRATEGIC INCOME FUND, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BRIAN B. SULLIVAN, et al., <br><br>         Defendants. | No. 10-2190 |
| CECIL CANNADAY and RONALD GODFREY, derivatively on behalf of nominal defendant HELIOS ADVANTAGE INCOME FUND, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BRIAN B. SULLIVAN, et al., <br><br>         Defendants. | No. 10-2191 |

```
RONALD GODFREY, derivatively on behalf of    )
nominal defendant HELIOS MULTI-SECTOR HIGH   )
INCOME FUND, INC.,                           )
                                             )
     Plaintiff,                              )   No. 10-2192
                                             )
v.                                           )
                                             )
BRIAN B. SULLIVAN, et al.,                   )
                                             )
          Defendants.                        )
```

## ORDER GRANTING PLAINTIFFS' MOTION FOR CONSOLIDATION

Before the Court is Plaintiffs' August 3, 2010, Motion to Consolidate. (See ECF No. 29.)[1] Plaintiffs request that the Court consolidate the above four actions, appoint lead and liaison counsel, and establish a schedule. (Pls.' Mem. in Support of Their Mot. for Consolidation at 1, ECF No. 29-2.) ("Pls.' Mem.") The Defendants in all four actions do not oppose consolidation and take no position on the appointment of lead or liaison counsel. (Id.) For the following reasons, the Court GRANTS the unopposed Motion for Consolidation and ADOPTS the jointly proposed schedule. Because Barroway Topaz Kessler Meltzer & Check, LLP ("Barroway Topaz") and Bramlett Law Offices ("Bramlett Law") are counsel to Plaintiffs in all four actions, the Court GRANTS their request to continue in their present roles in the consolidated action.

---

[1] All ECF references are to the filings in Cannaday v. Sullivan, No. 10-2188.

I.  **FACTUAL BACKGROUND**

Plaintiff Cecil Cannaday[2] is a resident of Arkansas who purchased shares in Nominal Defendant Helios High Income Fund, Inc. (the "Fund"). (Compl. ¶ 8.) The Fund advertised itself as a closed-end management investment company that invested "a majority of its total assets in a diversified portfolio of below investment grade debt securities offering attractive yield and capital appreciation potential." (Id. ¶ 3.) Cannaday alleges that the Fund instead invested heavily in illiquid asset-backed securities, such as mortgage-backed securities and collateralized debt obligations ("CDOs"). (Id. ¶ 4.) From June 30, 2006, to June 30, 2007, the Fund's total investment in CDOs increased from 12.9% of its total assets to 37.8%. (Id. ¶ 40.)

Plaintiff has sued Brian B. Sullivan; J. Kenneth Alderman; Carter E. Anthony; Jack R. Blair; Thomas R. Gamble; Albert C. Johnson; Charles D. Maxwell; James S. R. McFadden; Allen B. Morgan, Jr.; W. Randall Pittman; Mary S. Stone; Joseph C. Weller; J. Thompson Weller; Archie W. Willis, III; and Michele F. Wood, all of whom served as the Fund's officers and directors during the period of alleged wrongdoing. (Id. ¶¶ 10-15, 17-21, 23-26.) Cannaday also states causes of action against James C. Kelsoe, Jr. and David H. Tannehill, who served as the Fund's

---

[2] The Complaint in No. 10-2188 is representative of the allegations made in the remaining three suits. All suits assert the same causes of action. The primary differences are the named Plaintiffs and the funds on whose behalf they are filed.

portfolio and assistant portfolio managers respectively. (Id. ¶¶ 16, 22.) The suit also names Morgan Asset Management, Inc. ("MAM"), the Fund's investment advisor, as a Defendant. (Id. ¶ 27.)

Cannaday alleges that the Defendants knowingly caused the Fund to overinvest in CDOs although contemporary business news reports revealed growing concern in the investment community about the stability and underlying value of those investments. (Id. ¶¶ 43-45.) Two Funds run by investment banking firm Bear Stearns that invested in the same subprime mortgage-backed investments collapsed in 2007. (Id. ¶ 46.) Defendants allegedly wrongly delayed the Fund's writing down the value of its investments in CDOs during the period from 2006-07. (Id. ¶ 47.) That delay caused the Fund to report a misleading net-asset value to shareholders and allowed Defendant MAM to collect excessive and unearned fees because the value of the assets held by the Fund determined the amount of fees MAM earned. (Id. ¶ 55.) When the collapse of the subprime mortgage market forced the Fund to write down the value of its CDO investments, the Fund's share price dropped from more than $80 a share to less than $10. (Id. ¶ 54.)

On November 23, 2009, Cannaday made a demand on the Fund's board of directors to file suit against Defendants to seek compensation for the Defendants' alleged breaches of fiduciary

4

duties.  (Id. ¶ 62.)  The Fund responded by letter on January 12, 2010, stating that it was investigating similar allegations and would determine at an unspecified later date what action, if any, it would take.  (Id. ¶ 63.)  Cannaday filed suit against the Defendants after allowing an additional month to pass after his receipt of the Fund's response without hearing anything more.  He states causes of action against all Defendants for breaching their fiduciary duties of good faith and loyalty. (Id. ¶¶ 66-69.)  Plaintiff also states causes of action against Defendant MAM for violating § 36(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a-35(b), and unjust enrichment.  (Id. ¶¶ 70-77.)  He seeks monetary damages for Defendants' breach of their fiduciary duties, disgorgement from MAM of the excessive fees it allegedly received, "appropriate equitable relief," costs, and attorneys' fees.  (Id. ¶ 77.)

## II.   JURISDICTION

The Court has federal question jurisdiction over all four actions.  28 U.S.C. § 1331.  Under the supplemental jurisdiction conferred by 28 U.S.C. § 1367(a), the Court may hear Plaintiffs' state-law claims for breach of fiduciary duties and unjust enrichment.  The Complaint does not state under which state's law it brings these common law actions; however, the Fund is a Maryland corporation.  (Compl. ¶ 9.)

**III.  ANALYSIS**

Plaintiffs first seek to consolidate their four lawsuits into one.  Federal Rule of Civil Procedure 42(a) provides district courts with broad discretion to consolidate similar actions pending before them.  Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993).  District courts may consolidate related actions sua sponte and despite the objections of the parties.  Id.  When considering whether to consolidate actions under Rule 42, district courts evaluate a number of factors, including:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. (quoting Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (6th Cir. 1985)) (alterations in original).

Here, the four separate lawsuits raise almost identical legal and factual issues.  The Complaints seek damages for breach of fiduciary duties, unjust enrichment, and violation of § 36(b) of the Investment Company Act.  Consolidation would conserve judicial resources and allow a more expeditious adjudication of Plaintiffs' claims.  Defendants do not oppose Plaintiffs' Motion, and no issues of prejudice or confusion

exist. (Pls.' Mem. at 7.) Because all relevant factors support consolidation of these actions and no prejudice or threat of confusion is present, the Court GRANTS Plaintiffs' Motion to Consolidate. The parties should coordinate all discovery and pretrial matters with the multidistrict litigation now pending in this Court.[3]

The Court also ADOPTS the parties' jointly proposed schedule. Plaintiffs shall serve on Defendants their Consolidated Complaint no later than thirty days from the date of this Order. Defendants shall have forty-five days from the date they receive service of the Consolidated Complaint to file any motions to dismiss. Plaintiffs may file a response to any motion to dismiss within forty-five days of the motion's filing. Any reply brief by the Defendants would be due thirty days thereafter.

The law firm of Barroway Topaz, with its liaison counsel Bramlett Law, have filed all four suits. They may continue to proceed as lead and liaison counsel for the consolidated action.

## IV.  CONCLUSION

Plaintiffs' Motion to Consolidate is GRANTED. The Court ADPOTS the parties' jointly proposed schedule. Because Barroway Topaz and Bramlett Law are the only two law firms representing

---

[3] The present Order does not prohibit Defendants from filing a later motion to consolidate these four suits with the Closed-End Fund Litigation.

7

Plaintiffs in these four consolidated suits, they may continue in their present roles.  The Clerk is DIRECTED to consolidate the above four cases under case number 10-2188.

So ordered this 5th day of November, 2010.

                                          s/ Samuel H. Mays, Jr.
                                          SAMUEL H. MAYS, JR.
                                          UNITED STATES DISTRICT JUDGE