IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

|  |  |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION<br><br>This Document Relates to:<br><br>*In re Helios Closed-End Fund Derivative Litigation*, No. 2:10-cv-02188-SMH-dvk | No. 2:09-md-02009-SHM |

**MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED DERIVATIVE COMPLAINT BY MORGAN ASSET MANAGEMENT, INC. AND THE INDIVIDUAL DEFENDANTS**

Defendants Morgan Asset Management, Inc. ("MAM"), Allen B. Morgan, Jr., J. Kenneth Alderman, Thomas R. Gamble, Charles D. Maxwell, Brian B. Sullivan, Joseph C. Weller, J. Thompson Weller, Michele F. Wood, James C. Kelsoe, Jr., and David H. Tannehill (collectively, the "Individual Defendants") file this Motion to Dismiss Plaintiffs' Verified Consolidated Shareholder Derivative Complaint ("Complaint").

Plaintiffs' claims fail as a matter of law and must be dismissed. Plaintiffs' claim under § 36(b) of the Investment Company Act of 1940 ("ICA"), which seeks recovery of advisory fees paid by the investment companies at issue in this action (referred to herein as the "Funds") to MAM, is precluded under the terms of that statute. Under that section of the ICA, Plaintiffs may only recover damages that accrued during the year prior to filing suit. MAM, however, did not serve as the Funds' investment advisor during that period and consequently, no advisory fees were paid to MAM.

The balance of Plaintiffs' claims against MAM and the Individual Defendants concerning the RMH, RMA, and RSF Funds, and against certain of the Individual Defendants concerning

the RHY Fund, are untimely by virtue of Maryland's three-year statute of limitations applicable to civil actions. Plaintiffs' own allegations, particularly when considered in connection with the Funds' offering documents and other public filings, demonstrate that Plaintiffs were on notice of their claims by January 2007 at the latest, more than three years prior to the filing of this lawsuit.

Plaintiffs' claims against MAM otherwise fail as a matter of law. Maryland law does not recognize a claim for breach of fiduciary duty or for unjust enrichment against MAM, under the allegations pleaded in this action. Even assuming such claims could be asserted under Maryland law, Plaintiffs' claims would fail because MAM advised the Funds pursuant to Investment Advisory Agreements ("Advisory Agreements") with each Fund, which contained broad limitations on liability. The Funds' respective Articles of Incorporation contained similar provisions limiting the liability of the Individual Defendants. Plaintiffs have failed to plead claims that fall outside of the exculpatory provisions of either the Advisory Agreements or the Funds' Articles of Incorporation.

Finally, Plaintiffs' claims are based on allegations of fraud and Plaintiffs' Complaint fails to include particularized allegations required to satisfy the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Without such factual allegations, Plaintiffs' claims fail as a matter of law.

A memorandum of law and the Declaration of Matthew M. Curley are submitted in support of this motion.

DATED this 24th day of January 2011.

Respectfully submitted,

BASS, BERRY & SIMS PLC

By: /s/ Matthew M. Curley
    Michael L. Dagley
    Matthew M. Curley
    Britt K. Latham
    W. Brantley Phillips, Jr.
    150 Third Avenue South; Suite 2800
    Nashville, TN 37201
    (615)742-6200

*Attorneys for Defendant Morgan Asset Management, Inc.*

SUTHERLAND, ASBILL & BRENNAN, LLP

By: /s/ S. Lawrence Polk
    S. Lawrence Polk
    999 Peachtree Street N.E.
    Atlanta, GA 30309-3996

*Attorney for Allen B. Morgan, Jr., J. Kenneth Alderman, Brian B. Sullivan, Joseph C. Weller, J. Thompson Weller, Charles D. Maxwell, Michele F. Wood, James C. Kelsoe, Jr., Thomas R. Gamble and David H. Tannehill*

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2011, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

| | |
|---|---|
| **BRAMLETT LAW OFFICES**<br>PAUL KENT BRAMLETT<br>ROBERT PRESTON BRAMLETT<br>2400 Crestmoor Road<br>P.O. Box 150734<br>Nashville, TN | **SUTHERLAND ASBILL & BRENNAN, LLP**<br>S. LAWRENCE POLK<br>999 Peachtree Street NE<br>Atlanta, GA  30309 |
| **BARROWAY TOPAZ KESSLER MELTZER & CHECK LLP**<br>ERIC L. ZAGAR<br>ROBIN WINCHESTER<br>TARA P. KAO<br>280 King of Prussia Road<br>Radnor, PA 19087 | **PURSLEY LOWERY MEEKS LLP**<br>R. HAL MEEKS<br>ROBIN A. BESAW<br>260 Peachtree Street NW<br>Atlanta, GA 30303 |
| **PAUL HASTINGS JANOFSKY & WALKER LLP**<br>KEVIN C. LOGUE<br>75 E. 55th Street<br>New York, NY  10022 | **K&L GATES LLP**<br>JEFFREY B. MALETTA<br>NICHOLAS TERRIS<br>NICOLE A. BAKER<br>1601 K Street, NW<br>Washington, D.C.  20006-1600 |

/s/ Matthew M. Curley

9139645.1