UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION <br><br> This Document Relates to: <br><br> *In re Helios Closed-End Funds Derivative Litigation*, No. 2:10-cv-02188-SHM-tmp | Case No. 2:09-md-02009-SHM <br><br> Judge Samuel H. Mays, Jr. <br><br> Magistrate Judge Diane K. Vescovo |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
CARTER ANTHONY'S MOTION TO DISMISS**

Cecil Cannaday and Ronald Godfrey (collectively, the "Plaintiffs"), by the undersigned attorneys, submit this memorandum of law in opposition to defendant Carter Anthony's Motion to Dismiss, and incorporate by reference the memorandum of law they filed in support of their opposition (the "Plaintiffs' Opposition to the MAM Defendants' Motion") to the Motion to Dismiss filed by Morgan Asset Management, Inc. ("MAM"), Allen B. Morgan, Jr., J. Kenneth Alderman, Thomas R. Gamble, Charles D. Maxwell, Brian B. Sullivan, Joseph C. Weller, J. Thompson Weller, Michele F. Wood, James C. Kelsoe, Jr., and David H. Tannehill.

**I.      INTRODUCTION**

Defendant Carter Anthony ("Anthony") contends that the claims in the Verified Consolidated Shareholder Derivative Complaint ("Complaint") should be dismissed against him because: (1) his wrongful conduct is outside Maryland's three year statute of limitations; and (2) the allegations averred against him lack the particularity required under Federal Rule of Civil Procedure 9(b). Both arguments fail, are unpersuasive on their faces, and contradict established law.

## II.      ARGUMENT

### A.      The Claims Against Anthony Are Timely

Anthony's statute of limitations argument fails as a matter of law. Under Maryland law, actions for breach of fiduciary duty must be filed within three years from the date such claims accrue. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101; *Ladzinski v. MEBA Pension Trust*, 951 F. Supp. 570, 574 (D. Md. 1997) (three-year statute of limitations applies to breach of fiduciary duty actions). But Maryland courts follow the "discovery rule," which provides that a cause of action accrues only when a plaintiff knows or reasonably should know of the wrong. *See, e.g., Martin Marietta Corp. v. Gould, Inc.*, 70 F.3d 768, 771 (4th Cir. 1995).

Here, Anthony argues for dismissal from the action because he "was effectively relieved of his duties with Morgan Asset Management in July of 2006," which was more than three years before the filing of the Complaint, and outside the statute of limitations period. Memorandum of Law in Support of Motion to Dismiss Plaintiffs' Verified Consolidated Shareholder Derivative Complaint by Carter Anthony ("Anthony Memo"), at 1. However, the earliest date Anthony's misconduct could even begin to come to light was August 2007, when the Funds announced that they were having problems valuing NAVs and had retained an independent consultant to do so. See Complaint, ¶¶ 95-96. Further, the extent of this misconduct was not revealed until later that year. See Complaint, ¶¶ 97-98. As such, pursuant to the discovery rule, the three year statute of limitations is measured from, at the earliest, August 2007, not January 2007 as Anthony suggests. See Anthony Memo, at 2. Contrary to Anthony's baseless argument, which is unsupported by any citation to the Complaint, there is nothing in the Complaint even to suggest, let alone "demonstrate" that "Plaintiffs were on notice of their claims by January 2007." Id.

Plaintiffs filed their original complaints[1] on March 18, 2010, and thus their claims are timely under Md. Code Ann., Cts. & Jud. Proc., § 5-101.

      **B.**      **Rule 8 Applies to All Allegations in the Complaint**

As previously set forth in Plaintiffs' Opposition to MAM's Motion, and discussed herein, the allegations in the Complaint are to be judged under Rule 8, and not Rule 9(b).  *See* Fed. R. Civ. P. 8; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) ("The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."). Rule 8 requires only "a short and plain statement of the claim" made by "simple, concise, and direct allegations." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988). In fact, the pleading requirements under Rule 8 are so negligible that mere conclusions of wrongdoing will suffice. *Frieri v. City of Chicago*, 127 F. Supp. 2d 992 (N.D. Ill. 2001) (holding that under Rule 8's notice pleading standard, plaintiff may plead conclusions, so long as the conclusions provide defendant with minimal notice of the claim.)

While it is true that claims of fraud are governed by the heightened pleading standards of Rule 9(b), Anthony provides no plausible explanation why the Complaint, or any claims averred therein, sound in fraud. Anthony's contention that "Plaintiffs allege that Defendant Anthony breached his fiduciary duties by engaging in fraudulent misconduct," Anthony Memo, at 2, is unsupported by any citation to the Complaint and is patently false. Rule 9(b) does not apply, and the Complaint clearly satisfies the Rule 8 pleading standard.

Accordingly, for all the reasons set forth above, Carter Anthony's Motion to Dismiss must be denied.

---

[1] See Plaintiffs' Opposition to the MAM Defendants' Motion for a discussion of this case's procedural history.

**III.     CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Carter Anthony's Motion to Dismiss in its entirety.  Should the Court grant the Motion in whole or in part, Plaintiffs respectfully request leave to replead in the interests of justice.  *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (holding that a court must liberally grant leave to file an amended complaint); *U.S. for Benefit and Use of Ehmcke Sheet Metal Works v. Wausau Ins. Companies*, 755 F.Supp. 906. (E.D.Cal. 1991) (determining that amendments to pleadings are liberally allowed); *Sanders v. Thrall Car Mfg. Co.*, 582 F.Supp. 945 (S.D.N.Y. 1983) (holding that the court should exercise its discretion liberally to permit amendment of pleadings).

Dated:  July 19, 2011                                                       Respectfully submitted,

                                                           **BRAMLETT LAW OFFICES**
                                                           **By:**

                                                           /s/ Paul Kent Bramlett
                                                           **PAUL KENT BRAMLETT TN#7387**

Paul Kent Bramlett   TN #7387/MS #4291
Robert Preston Bramlett    TN #25895
**BRAMLETT LAW OFFICES**
2400 Crestmoor Road
P. O. Box 150734
Nashville, TN  37215
Telephone:      (615) 248-2828
Facsimile:        (615) 254-4116
E-mail :          pknashlaw@aol.com
                Robert@BramlettLawOffices.com

**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**
Eric L. Zagar
Robin Winchester
Kristen L. Ross
Richard Kim
280 King of Prussia Road
Radnor, PA 19087

-5-

  Telephone: (610) 667-7706
  Facsimile: (267) 948-2512
  E-mail :  ezagar@ktmc.com
       rwinchester@ktmc.com
       kross@ktmc.com
       rkim@ktmc.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this date served a true and exact copy of the above and foregoing:

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
CARTER ANTHONY'S MOTION TO DISMISS**

by filing the document on the ECF filing system, which serves the following attorneys:

**Nicole A. Baker**
K & L GATES LLP
1601 K. Street, N.W.
Washington, DC 20006-1600
202-778-9018
202-778-9100 (fax)
nicole.baker@klgates.com

**Matthew M. Curley**
BASS BERRY & SIMS PLC
150 Third Avenue South
Ste. 2800
Nashville, TN 37201
615-742-6200
mcurley@bassberry.com

**Michael L. Dagley**
BASS BERRY & SIMS PLC
150 Third Avenue South
Ste. 2800
Nashville, TN 37201
615-742-6200
615-742-2803 (fax)
mdagley@bassberry.com

**Kevin C. Logue**
PAUL HASTINGS JANOFSKY & WALKER, LLP
75 East 55th Street
New York, NY 10022
212-318-6223
212-230-7620 (fax)
kevinlogue@paulhastings.com

**Jeffrey B. Maletta**
K & L GATES LLP
1601 K. Street, N.W.
Washington, DC 20006-1600
202-778-9062
202-778-9100 (fax)
jeffrey.maletta@klgates.com

**R. Harold Meeks, Jr.**
PURSLEY LOWERY & MEEKS, LLP
260 Peachtree Street
Suite 2000
Atlanta, GA 30303
404-880-7180
404-880-7199 (fax)
hmeeks@plmllp.com

**W. Brantley Phillips, Jr.**
BASS BERRY & SIMS PLC- Nashville
150 3rd Avenue South
Suite 2800
Nashville, TN 37201
615-742-7723
bphillips@bassberry.com

   **SO CERTIFIED** this 19th day of JULY, 2011.

             s/*Paul Kent Bramlett*
             ***PAUL KENT BRAMLETT** TN#7387*