# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION AT MEMPHIS

|  |  |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION | ) ) ) |
|  | ) |
| This Document Relates to: | ) |
|  | ) |
| *In re Helios Closed-End Funds Derivative Litigation*, No. 2:10-cv-02188-SHM-tmp | ) ) ) |

Case No. 2:09-md-02009-SHM

Judge Samuel H. Mays, Jr.

Magistrate Judge Diane K. Vescovo

---

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF DEFENDANTS JACK R. BLAIR, ALBERT C. JOHNSON, JAMES STILLMAN R. MCFADDEN, W. RANDALL PITTMAN, MARY S. STONE, AND ARCHIE W. WILLIS, III TO DISMISS PLAINTIFFS' VERIFIED CONSOLIDATED SHAREHOLDER DERIVATIVE COMPLAINT

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY ........................................ 4

III.  ARGUMENT ...................................................................................................... 4

    A.    A Stay of the *Landers* Action Does Not Warrant Dismissal of This Action .......... 4

    B.    Plaintiffs Have Adequately Pled a Claim for Breach of Fiduciary Duty ............... 5

        1.    As Set Forth in Plaintiffs' Opposition to the MAM Defendants' Motion, Rule 8, not Rule 9(b), Applies to Plaintiffs' Pleading ................. 5

        2.    The Exculpation Provisions of the Funds' Articles of Incorporation Do Not Provide a Basis for Dismissal ........................................................ 5

    C.    This Court Has Personal Jurisdiction Over Defendants Johnson, Pittman and Stone ........................................................................................................ 9

        1.    Defendants Johnson, Pittman and Stone Have Submitted to This Court's Jurisdiction in a Related Action .................................................. 10

        2.    Defendants Johnson, Pittman and Stone Have Sufficient Contacts with the State of Tennessee to Preclude Dismissal for Lack of Personal Jurisdiction ...................................................................................... 11

IV.   CONCLUSION .................................................................................................. 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Anderson v. Young Touchstone Co.*,
735 F. Supp. 2d 831 (W.D. Tenn. 2010)..............................................................17

*Askanase v. Fatjo*,
No. H-91-3140, 1993 U.S. Dist. LEXIS 19370 (S.D. Tex. May 21, 1993)......................14, 15

*Boles v. Nat'l Dev. Co.*,
175 S.W.3d 226 (Tenn. Ct. App. 2005)....................................................11, 14, 15

*Bridgestone/Firestone N. Am. Tire, LLC v. Harborside Capital Group, LLC*,
161 Fed. Appx. 456 (6th Cir. 2005).................................................................10

*Crawford v. Roane*,
53 F.3d 750 (6th Cir. 1995) .........................................................................17

*Desert Equities v. Morgan Stanley Leveraged*,
624 A.2d 1199, 1993 Del. LEXIS 217 (Del. 1993) ..................................................8

*Emerald Partners v. Berlin*,
726 A.2d 1215, 1999 Del. LEXIS 97 (Del. 1999) .................................................7, 8

*In re Citigroup Inc. S'holder Derivative Litig.*,
964 A.2d 106, 2009 Del. Ch. LEXIS 25 (Del. Ch. 2009).......................................7

*In re InfoSonics Corp.*,
No. 06cv1336 BTM (WMc), 2007 U.S. Dist. LEXIS 66043
(S.D. Cal. Sept. 4, 2007) ......................................................................13, 15

*In re InfoSonics Corp. Derivative Litig.*,
No. 06cv1336 BTM, 2007 U.S. Dist. LEXIS 20450 (S.D. Cal. Mar. 21, 2007) ...................16

*In re Intel Corp. Derivative Litig.*,
621 F. Supp. 2d 165 (D. Del. 2009).............................................................7

*In re ITT Corp. Derivative Litig.*,
653 F. Supp. 2d 453 (S.D.N.Y. 2009)...........................................................7

*In re Mutual Funds Inv. Litig.*,
384 F. Supp. 2d 873 (D. Md. 2005).............................................................7

*In re Regions Morgan Keegan Sec., Derivative & ERISA Litig., Landers v. Morgan Asset Mgmt. Inc.*,
742 F. Supp. 2d 917 (W.D. Tenn. 2010)................................................. passim

*In re Tower Air, Inc.*,
   416 F.3d 229 (3d Cir. 2005).................................................................8

*Intera Corp. v. Henderson*,
   428 F.3d 605 (6th Cir. 2005) ..............................................................12

*Jowers v. Beck*,
   No. 1:09-cv-1131, 2010 WL 455280 (W.D. Tenn. Feb. 2, 2010) ........14

*Kahn v. Roberts*,
   No. 12324, 1994 Del. Ch. LEXIS 33 (Del Ch. Feb. 28, 1994)...............8

*Marks v. Shell Oil Co.*,
   830 F.2d 68 (6th Cir. 1987) ................................................................16

*Marine Midland Bank v. Miller*,
   664 F.2d 899 (2d Cir. 1981)................................................................14

*Mehlenbacher v. Jitaru*,
   No. 6:04-cv-1118, 2005 U.S. Dist. LEXIS 42007 (M.D. Fla. June 6, 2005) ...................13, 15

*Morse v. McWhorter*,
   200 F. Supp. 2d 853 (M.D. Tenn. 2000).............................................5

*Neal v. Janssen*,
   270 F.3d 328 (6th Cir. 2001) ..............................................................12

*Olson v. Regions Bank*,
   No. 09-2017, 2010 U.S. Dist. LEXIS 62791 (W.D. Tenn. June 23, 2010) ...........................17

*Rombach v. Chang*,
   355 F.3d 164 (2d Cir. 2004).................................................................5

*Sanders v. Wang*,
   No. 16640, 1999 Del. Ch. LEXIS 203 (Del. Ch. Nov. 8, 1999)...............8

*Scottish Air Int'l, Inc. v. British Caledonian Group, PLC.*,
   152 F.R.D. 18 (S.D.N.Y. 1993) ...........................................................11

*Stone v. Ritter*,
   911 A.2d 362, 2006 Del. LEXIS 597 (Del. 2006) ................................7

*Weller v. Cromwell Oil Co.*,
   504 F.2d 927 (6th Cir. 1974) ..........................................................14, 15

*Youn v. Track, Inc.*,
   324 F.3d 409 (6th Cir. 2003) ..............................................................11

**STATUTES AND RULES**

15 U.S.C. § 80(a)-17(h) ...........................................................................................6

28 U.S.C. § 1407 ...................................................................................................10

Tenn. Code Ann. § 20-2-214 .................................................................................12

Fed. R. Civ. P. 12(h)(1).........................................................................................10

Fed. R. Civ. P. 15(a) .............................................................................................17

Plaintiffs Cecil Cannaday ("Cannaday") and Ronald Godfrey ("Godfrey") (collectively, "Plaintiffs"), respectfully submit this Memorandum of Law in Opposition to the Motion of Defendants Jack R. Blair, Albert C. Johnson, James Stillman R. McFadden, W. Randall Pittman, Mary S. Stone, and Archie W. Willis, III to Dismiss Plaintiffs' Verified Consolidated Shareholder Derivative Complaint (the "Motion").  For the reasons set forth herein, the Motion should be denied in its entirety.

## I.    INTRODUCTION

The above-captioned matter is a shareholder derivative action brought on behalf of the nominal defendant Funds,[1] seeking to hold defendants, the Funds' former investment adviser and certain of the Funds' former directors and officers, accountable for gross breaches of their fiduciary duties owed to the Funds.  Specifically, Plaintiffs allege that Defendants,[2] including the Director Defendants (as defined herein), breached their fiduciary duties by knowingly causing the Funds to invest heavily in asset-backed securities ("ABSs"), mortgaged-backed securities ("MBSs"), collateralized debt obligations ("CDOs") and other illiquid securities and concentrating more than 25% of the Funds' assets in one industry in violation of the Funds' offering materials; failing to disclose the true extent of the Funds' exposure to these securities and the risks associated therewith; and overstating the values of the ABSs, MBSs, CDOs and other illiquid and subprime securities the Funds held, thereby overstating the Funds' net asset

---

[1] The term "Funds" refers collectively to nominal defendants Helios Advantage Income Fund, Inc., formerly known as RMK Advantage Income Fund, Inc. ("Helios Advantage"), Helios High Income Fund, Inc., formerly known as RMK High Income Fund, Inc. ("Helios High"), Helios Multi-Sector High Income Fund, Inc., formerly known as RMK Multi-Sector High Income Fund, Inc. ("Helios Multi-Sector"), and Helios Strategic Income Fund, Inc., formerly known as RMK Strategic Income Fund, Inc. ("Helios Strategic").

[2] The term "Defendants" refers collectively to the Director Defendants, MAM (as defined herein) and defendants Carter E. Anthony, Thomas R. Gamble, James C. Kelsoe, Jr., Charles D. Maxwell, David H. Tannehill, Joseph Weller, Thompson Weller and Michele F. Wood.

values ("NAVs").  As a result of this misconduct, the Funds suffered severe losses and paid excessive fees to defendant Morgan Asset Management, Inc. ("MAM"), their former investment advisor.

In the instant Motion, defendants Jack R. Blair, Albert C. Johnson ("Johnson"), James S.R. McFadden, W. Randall Pittman ("Pittman"), Mary S. Stone ("Stone"), and Archie W. Willis, III (collectively, the "Director Defendants") ask this Court to dismiss Plaintiffs' claims against them for breach of their fiduciary duties owed the Funds for several reasons, none of which has any basis in law or fact.

First, the Director Defendants argue that the Complaint should be dismissed because a related shareholder derivative action (the "*Landers* Action"), filed on behalf of other funds of which they were directors, alleging essentially the same misconduct, was stayed.  This argument makes no sense, as the instant Motion seeks dismissal, not a stay, and the Director Defendants' motion to dismiss the *Landers* Action was ***denied*** by this Court.  *See In re Regions Morgan Keegan Sec., Derivative & ERISA Litig., Landers v. Morgan Asset Mgmt. Inc.*, 742 F. Supp. 2d 917 (W.D. Tenn. 2010).

In addition, the Director Defendants argue that Plaintiffs' claims for breach of fiduciary duty cannot be sustained because the Funds' articles of incorporation contain exculpatory provisions.  However, the Investment Company Act of 1940 and Maryland law prohibit the Funds from protecting directors against liability for bad faith, willful misconduct, and active and deliberate dishonesty – exactly what Plaintiffs have alleged here.  Moreover, exculpation is an affirmative defense which must be proven by the Director Defendants and is not properly decided on a motion to dismiss.  Indeed, as discussed extensively in Plaintiffs' Memorandum of Law in Opposition to the Motion to Dismiss Plaintiffs' Consolidated Derivative Complaint by

Morgan Asset Management, Inc. and the Individual Defendants ("Plaintiffs' Opposition to the MAM Defendants' Motion") filed concurrently herewith, Plaintiffs have satisfied the applicable Rule 8 pleading standard with respect to their breach of fiduciary duty claims against the Director Defendants.

Finally, defendants Johnson, Pittman and Stone contest this Court's personal jurisdiction over them. Since these defendants have sought out this Court's jurisdiction as part of the multidistrict litigation of which this action is a part, and they have consented to this Court's jurisdiction in the *Landers* Action, this argument is completely insincere. Further, Plaintiffs have alleged that these defendants breached their fiduciary duties to the Funds, which were based in Tennessee, and therefore their misconduct was aimed at Tennessee and caused harm to the Funds in Tennessee. Such contacts with the State of Tennessee are sufficient to establish this Court's personal jurisdiction. Finally, Plaintiffs submit that dismissal for lack of personal jurisdiction is not warranted without discovery with respect to defendants Johnson, Pittman and Stone's participation in board meetings and other Fund-related activities in Tennessee.

For these reasons, as discussed in further detail below, the Director Defendants' Motion should be denied.T![3]

---

[3] The Director Defendants incorporate by reference the motions to dismiss filed by the MAM Defendants and defendant Carter Anthony. *See* Memorandum of Law in Support of Motion to Dismiss Plaintiffs' Verified Consolidated Shareholder Derivative Complaint by Defendants Jack R. Blair, Albert C. Johnson, James Stillman R. McFadden, W. Randall Pittman, Mary S. Stone, and Archie W. Willis, III ("Dir. Defs. Memo") at 1. Plaintiffs likewise incorporate by reference their Opposition to the MAM Defendants' Motion and their Memorandum of Law in Opposition to Carter Anthony's Motion to Dismiss, filed concurrently herewith.

II.   **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiffs hereby incorporate by reference the Statement of Facts and Procedural History set forth in their Opposition to the MAM Defendants' Motion.  *See* Pl. Opp. to MAM Defs., at 4-15.

III.   **ARGUMENT**

A.   **A Stay of the *Landers* Action Does Not Warrant Dismissal of This Action**

The Director Defendants' contention that the Complaint should be dismissed because Plaintiffs alleged in their Complaint that they had made Demands upon the Funds' current Board, and that the Board is conducting an investigation of the allegations in Plaintiffs' Demands, is completely baseless.  Indeed, in the three sentences of their brief devoted to this argument, they cite absolutely no authority for dismissal on such grounds.  *See* Dir. Defs. Memo at 2.  Rather, they rely solely on this Court's September 24, 2010 Order in the *Landers* Action which, among other things, *denied* defendants' motion to dismiss that action.  *See id*. (quoting *In re Regions Morgan Keegan*, 742 F. Supp. 2d 917).

Contrary to their characterization of this Court's decision in *Landers*, the analysis quoted in the Director Defendants' brief pertains to the nominal defendant funds' request to "*stay* [that] action pending the completion of [the board's] investigation or dismiss without prejudice as to [the board's] right to file suit on its own."  *Id*. at 923 (emphasis added).  The Court granted the funds' request to *stay* the *Landers* Action but *denied* the various defendants' motions to *dismiss* the action.  *Id*. at 924-25.  It should be noted no party has moved to stay the instant action at this time.  As the Court's Order in *Landers* provides no basis upon which to dismiss the instant action, the Motion should be denied.

**B.      Plaintiffs Have Adequately Pled a Claim for Breach of Fiduciary Duty**

**1.      As Set Forth in Plaintiffs' Opposition to the MAM Defendants'
Motion, Rule 8, not Rule 9(b), Applies to Plaintiffs' Pleading**

The Director Defendants contend that Plaintiffs have failed to state a claim against them for breach of their fiduciary duties owed to the Funds.  Plaintiffs' response to this argument is set forth at length in their Opposition to the MAM Defendants' Motion.  *See* Pl. Opp. to MAM Defs., at 15-24.   Neither of the two cases cited by the Director Defendants support their argument that Fed. R. Civ. P. 9(b) applies to Plaintiffs' state law breach of fiduciary duty claims. *See* Dir. Defs. Memo at 5.  Rather, such cases involved claims brought under Sections 11 and 12 of the Securities Act of 1933 (the "Securities Act"), and thus are inapplicable to the instant action in which no such claims have been asserted.  *See Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004) (applying Rule 9(b) to claims brought under Sections 11 and 12(a)(2) of the Securities Act; no breach of fiduciary duty claim asserted); *Morse v. McWhorter*, 200 F. Supp. 2d 853, 866 (M.D. Tenn. 2000) (declining to apply Rule 9(b) to claims brought under Sections 11 and 12 of the Securities Act; no breach of fiduciary duty claim asserted).  For the reasons set forth in Plaintiffs' Opposition to the MAM Defendants' Motion, Plaintiffs have met the applicable Rule 8 burden of stating a claim for breach of fiduciary duty against the Director Defendants.  *Id.*

**2.      The Exculpation Provisions of the Funds' Articles of Incorporation
Do Not Provide a Basis for Dismissal**

The Director Defendants argue that the Funds' articles of incorporation immunize them from the claims asserted in the Complaint.  Dir. Def. Memo at 4.  This argument is incorrect, as the exculpatory language in the Funds' articles of incorporation does not protect actions conducted dishonestly and not in good faith, and the Director Defendants have not met the requisite burden of proof to demonstrate that they did act honestly and in good faith.

Furthermore, the resolution of the question of whether the Director Defendants acted honestly and in good faith is not proper at the pleading stage of this litigation.  Accordingly, the Director Defendants' motion to dismiss the Complaint based on the exculpatory language of the Funds' articles of incorporation should be denied.

Pursuant to Md. Code Ann., Cts. & Jud. Proc. § 5-418, in its articles of incorporation a Maryland corporation may exempt its directors from liability for violations of the duty of due care, but not for "action, or failure to act, [that] was the result of active and deliberate dishonesty."  Md. Code Ann., Cts. & Jud. Proc. § 5-418(a)(2).  The Investment Company Act of 1940 contains a similar provision, but does not allow investment companies to protect their directors from liability for "willful misfeasance, bad faith, gross negligence or reckless disregard of the duties involved in the conduct of his office." 15 U.S.C. § 80(a)-17(h).  In the instant case, there are several reasons why the Court cannot dismiss this action based on the Funds' exculpatory charter provisions.

First, Plaintiffs allege that the Director Defendants knowingly allowed the Funds to become overconcentrated in ABSs, MBSs and CDOs in violation of the Offering Materials, knowingly failed to exercise their responsibilities to oversee the valuation process, and ***knowingly concealed this misconduct from the Funds' shareholders***.  ¶¶ 6-8, 49-50, 51, 54-56, 58-60, 64-72, 91-94.[4]  Thus, by their terms the Funds' exculpatory charter provisions cannot immunize the Director Defendants from liability for Plaintiffs' claims, which accuse the Directors of "active and deliberate dishonesty" and bad faith misconduct.

---

[4] Unless otherwise noted, all references to "¶__" herein refer to such paragraphs of Plaintiffs' Verified Consolidated Shareholder Derivative Complaint filed on December 6, 2010 (the "Complaint").

Unlike the instant action, which simply requires notice pleading under Rule 8(a), the cases relied upon by the Director Defendants were decided under the heightened pleading standard of Rule 23.1 that applies to shareholder derivative actions in which plaintiffs allege that demand upon a corporation's board of directors is futile. *See, e.g.*, *In re Citigroup Inc. S'holder Derivative Litig.*, 964 A.2d 106, 132, 2009 Del. Ch. LEXIS 25, at *62 (Del. Ch. 2009) (requiring "particularized factual allegations 'that support the inference that the disclosure violation was made in bad faith, knowingly or intentionally'" to "show a substantial likelihood of liability that would excuse demand"); *Stone v. Ritter*, 911 A.2d 362, 367, 2006 Del. LEXIS 597, at *9 (Del. 2006) (requiring particularized pleadings to establish demand futility under Delaware Court of Chancery Rule 23.1); *In re ITT Corp. Derivative Litig.*, 653 F. Supp. 2d 453 (S.D.N.Y. 2009) (stating that "[p]ursuant to [Federal] Rule 23.1, derivative plaintiffs must plead specific factual allegations showing that demand is excused" and holding that plaintiffs did not meet that burden); *In re Mutual Funds Inv. Litig.*, 384 F. Supp. 2d 873, 879-80 (D. Md. 2005) (finding that plaintiffs failed to plead demand futility allegations with particularity as required by Massachusetts and Delaware law); *In re Intel Corp. Derivative Litig.*, 621 F. Supp. 2d 165 (D. Del. 2009) (finding that plaintiff failed to allege particularized facts sufficient to show a substantial likelihood of liability rendering demand futile under Rule 23.1).   The Rule 23.1 demand futility standard applied in those decisions is completely inapplicable here, as Plaintiffs have made Demands upon the Board and are not alleging that making such demands would have been futile.  ¶ 114.

Second, "the shield from liability provided by [an exculpatory] certificate of incorporation provision… is in the nature of an affirmative defense." *Emerald Partners v. Berlin*, 726 A.2d 1215, 1223, 1999 Del. LEXIS 97, at *19 (Del. 1999).  Thus, "[d]efendants

seeking exculpation under such a provision will normally bear the burden of establishing each of its elements… [T]he burden of demonstrating good faith, however slight it might be in given circumstances, is upon the party seeking the protection of the statute." *Id*. at 1223-24, 1999 Del. LEXIS 97, at *19-20. Here, Plaintiffs have alleged that the Director Defendants acted with active and deliberate dishonesty and failed to act in good faith, and the Director Defendants have not come forward with any evidence to prove otherwise. Hence, the Court cannot dismiss Plaintiffs' claims on the basis of the Director Defendants' unproven affirmative defense. *Id*.

Finally, even if the Director Defendants had produced evidence that they acted honestly in good faith (which clearly they have not), their honesty and good faith, or lack thereof, would nevertheless be an issue of fact that cannot be decided at the pleading stage. *See Sanders v. Wang*, No. 16640, 1999 Del. Ch. LEXIS 203, **34-35 (Del. Ch. Nov. 8, 1999) ("Because the nature of the defendants' breach of fiduciary duty remains unclear at this time, I may not now properly consider exculpatory provisions. The defendants will have the opportunity to present their affirmative defense as the case progresses. At this stage of the proceedings, I can not conclude as a matter of law that the Board acted in good faith and that their actions constituted no more than mere carelessness."); *Kahn v. Roberts*, No. 12324, 1994 Del. Ch. LEXIS 33, **22-23 (Del Ch. Feb. 28, 1994) (citing *Desert Equities v. Morgan Stanley Leveraged*, 624 A.2d 1199, 1208-09, 1993 Del. LEXIS 217, at **22-23 (Del. 1993)) (declining to dismiss fiduciary duty claims based on exculpatory provision, since "[w]hether or not the directors acted in bad faith in approving the [transaction] is a question of fact not reached at [the pleadings] stage"); *In re Tower Air, Inc.*, 416 F.3d 229, 242 (3d Cir. 2005) (same). Consequently, the Director

Defendants' motion to dismiss the Complaint based on the Funds' articles' exculpatory provisions must be denied.[5]

### C.     This Court Has Personal Jurisdiction Over Defendants Johnson, Pittman and Stone

The Director Defendants' argument that this Court does not have personal jurisdiction over defendants Johnson, Pittman and Stone is entirely disingenuous, as these defendants have submitted to this Court's jurisdiction in the *Landers* Action, which is another related case in the same multidistrict litigation as the instant action.  Indeed, Johnson, Stone and Pittman were among a group of defendants who moved for the multidistrict litigation to take place in this Court.  Moreover, the Funds' principal executive offices were located in Memphis, Tennessee throughout the period of Defendants' wrongdoing.  By breaching their fiduciary duties to the Funds, the Director Defendants aimed their wrongful conduct at Tennessee and committed harm in Tennessee.  In addition, defendants Johnson, Pittman and Stone were directors of the Funds who were elected at meetings that took place in Tennessee and must have attended and participated in Board and committee meetings, made decisions regarding the governance and operation of the Funds, and engaged in other Fund-related activities in or directed toward Tennessee.  Accordingly, dismissal for lack of personal jurisdiction at this stage of the proceedings, without at least discovery into the extent of Johnson, Pittman and Stone's Fund-related activities in the State of Tennessee, would be improper.

---

[5] Indeed, the Director Defendants raised the same argument in the *Landers* Action.  *See* Memorandum of Law in Support of Motion of Jack R. Blair, Albert C. Johnson, James Stillman R. McFadden, W. Randall Pittman, Mary S. Stone, and Archie W. Willis, III to Dismiss Plaintiffs' First Amended Derivative Complaint (*Landers* ECF No. 59) at 9-10.  Although the Court's decision did not discuss this argument, the *Landers* plaintiffs' claims against these defendants were not dismissed.

1.     **Defendants Johnson, Pittman and Stone Have Submitted to This Court's Jurisdiction in a Related Action**

Lack of personal jurisdiction can be waived by a defendant's conduct and participation in litigation.  *See* Fed. R. Civ. P. 12(h)(1); *Bridgestone/Firestone N. Am. Tire, LLC v. Harborside Capital Group, LLC*, 161 Fed. Appx. 456, 459 (6th Cir. 2005) (defendant waived personal jurisdiction when it failed to raise the objection upon its initial appearance).  In the case at bar, defendants Johnson, Pittman and Stone cannot now legitimately contest this Court's jurisdiction after submitting to it in related actions pending in this Court.  As discussed above, the instant action is part of the larger multidistrict litigation pending before this Court, *In re Regions Morgan Keegan*, MDL No. 2009.  Defendants Johnson, Pittman and Stone were three of a number of defendants who "ha[d] moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings **in the Western District of Tennessee**."  Transfer Order entered by United States Judicial Panel on Multidistrict Litigation, Feb. 12, 2009 (MDL ECF No. 1) (emphasis added).  The Transfer Order expressly states that such motion was "additionally brought on behalf of the outside directors of the investment fund companies, who are named as defendants in some actions and include:  William Jeffries Mann, **Albert C. Johnson**, James Stillman R. McFadden, **W. Randall Pittman**, **Mary S. Stone**, Archie W. Willis, III, James D. Witherington, Jr., and Jack R. Blair."  *Id*. at 1 n.1 (emphasis added).  Indeed the defendants' memorandum in support of their motion to transfer dedicates **three pages** to their argument that the Western District of Tennessee is the most appropriate forum for this multidistrict litigation.  *See* Memorandum in Support of Motion for Transfer of Actions to the Western District of Tennessee for Coordinated or Consolidated Pretrial Proceedings (*Landers* ECF No. 17) at 13-16 ("There are no parties or counsel to whom the Western District of Tennessee is an inconvenient

forum.").  After seeking to bring all actions in which they were named as defendants before this

Court, these defendants cannot now contest its jurisdiction over them.

Indeed, in the *Landers* Action, defendants Johnson, Pittman and Stone have not

attempted to object to personal jurisdiction in this Court.  *See* Memorandum of Law in Support

of Motion of Jack R. Blair, Albert C. Johnson, James Stillman R. McFadden, W. Randall

Pittman, Mary S. Stone, and Archie W. Willis, III to Dismiss Plaintiffs' First Amended

Derivative Complaint, filed Dec. 15, 2009 (*Landers* Action ECF No. 59) (not contesting this

Court's personal jurisdiction).   Accordingly, defendants Johnson, Pittman and Stone cannot

legitimately raise this argument here.  *See*, *e.g.*, *Scottish Air Int'l, Inc. v. British Caledonian*

*Group, PLC.*, 152 F.R.D. 18, 24 (S.D.N.Y. 1993) (defendants waived defense of lack of personal

jurisdiction having previously submitted to the court's jurisdiction).

> **2.  Defendants Johnson, Pittman and Stone Have Sufficient Contacts**
> **with the State of Tennessee to Preclude Dismissal for Lack of**
> **Personal Jurisdiction**

In addition to their consent to this Court's jurisdiction and their active participation in the

multidistrict litigation in this Court, defendants Johnson, Pittman and Stone have had other

sufficient contacts with the State of Tennessee to preclude dismissal at this juncture.

A federal court has personal jurisdiction in a diversity case such as the instant action if

such jurisdiction is (1) authorized by the law of the state in which the court sits; and (2) is

otherwise consistent with the Due Process Clause of the Fourteenth Amendment.  *See Youn v.*

*Track*, *Inc.,* 324 F.3d 409, 417 (6th Cir. 2003).   Tennessee's long-arm statute is interpreted to

extend to the outer limit of personal jurisdiction imposed by the Due Process Clause.  *Boles v.*

*Nat'l Dev. Co.*, 175 S.W.3d 226, 249 (Tenn. Ct. App. 2005).   The statute provides in relevant

part:

(a) Persons who are nonresidents of Tennessee and residents of Tennessee who are outside the state and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:

(1) The transaction of any business within the state;

(2) Any tortious act or omission within this state;

*        *        *

(6) Any basis not inconsistent with the constitution of this state or of the United States.

Tenn. Code Ann. § 20-2-214.

Both the Sixth Circuit and the courts of Tennessee have held that the Tennessee long-arm statute is coextensive with the limits of federal constitutional due process. *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). In addition, as jurisdiction is proper as to "[a]ny tortious act or omission within this state," Tenn. Code Ann. § 20-2-214(a)(2), "if a tortious act is committed outside the state and the resulting injury is sustained within the state, the tortious act and the injury are inseparable, and jurisdiction lies in Tennessee." *Neal v. Janssen*, 270 F.3d 328, 331 (6th Cir. 2001).

Defendants Johnson, Pittman and Stone argue that Plaintiffs have alleged that they are citizens of Alabama and therefore this Court does not have jurisdiction over them. Dir. Defs. Memo at 3. They have not, however, offered affidavits averring that they have not had any contacts with the State of Tennessee, nor do they provide any other evidence to support their argument. In fact, Defendants Johnson, Pittman and Stone were elected to their positions as directors of the Funds at annual meetings that took place in Memphis, Tennessee. *See*, *e.g.*, Exhibit A to Declaration of Robin Winchester in Opposition to Former Independent Directors' Motion to Dismiss ("Winchester Decl.") (2005 Proxy Statement) (defendants Pittman and Stone elected at July 15, 2005 annual meeting in Memphis, Tennessee); Exhibit B to Winchester Decl.

(2006 Proxy Statement) (defendant Johnson elected at July 14, 2006 annual meeting in Memphis, Tennessee).  Plaintiffs anticipate that, if discovery were taken, the evidence would show that defendants Johnson, Pittman and Stone attended, in person as well as by telephone, board and committee meetings held in Tennessee.  *See In re InfoSonics Corp. Derivative Litig.*, No. 06cv1336 BTM (WMc), 2007 U.S. Dist. LEXIS 66043, at **11, 15 (S.D. Cal. Sept. 4, 2007) (finding that California court had specific personal jurisdiction over nonresident directors of corporation in shareholder derivative action where, as directors, they "held positions of power in a corporation headquartered in California and attended Board and Committee meetings [t]here. Their contacts with the state are of such a nature that it is undoubtedly just for this Court to exercise personal jurisdiction over them.")

Moreover, Plaintiffs have alleged that defendants Johnson, Pittman and Stone breached their fiduciary duties to the Funds, whose principal places of business were in Tennessee.  *See* Exhibits A-B to Winchester Decl. (2005 and 2006 Proxy Statements) (identifying Funds' principal executive offices in Memphis, Tennessee).  Thus, their tortious conduct was aimed at Tennessee and caused harm to the Funds in Tennessee.  Courts have held that this level of contact is sufficient to confer personal jurisdiction in a shareholder derivative action.  *See In re InfoSonics Corp.*, 2007 U.S. Dist. LEXIS 66043, at *11 ("Given that InfoSonics' principal place of business is California, [the directors'] alleged wrongful acts, which were intended to benefit themselves to the detriment of the Company, were expressly aimed at California and caused harm in California."); *Mehlenbacher v. Jitaru*, No. 6:04-cv-1118, 2005 U.S. Dist. LEXIS 42007, at *39 (M.D. Fla. June 6, 2005) (finding that plaintiff "ma[d]e out a prima facie case of personal jurisdiction" over a nonresident director pursuant to Florida's long-arm statute, which, like Tennessee's, contains a "tortious act within this state" provision, where plaintiff alleged that "all

-13-

of [the corporation's] directors, including [the one contesting jurisdiction], breached their fiduciary duties to [the corporation], … that the corporation was injured as a result of those breaches… [and] that [the corporation's] principal place of business is in Florida.").

The "fiduciary shield doctrine" on which the Director Defendants rely "precludes jurisdiction over an individual acting exclusively as a corporate officer on behalf of a bona fide corporation" over which the state has personal jurisdiction. *Boles*, 175 S.W.3d at 251. "The fiduciary shield doctrine is based on the notion that it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer." *Askanase v. Fatjo*, No. H-91-3140, 1993 U.S. Dist. LEXIS 19370, at **3-4 (S.D. Tex. May 21, 1993) (citing *Marine Midland Bank v. Miller*, 664 F.2d 899, 902 (2d Cir. 1981)). The Director Defendants, however, do not cite any authority for their contention that the fiduciary shield doctrine precludes the Court from otherwise exercising jurisdiction over corporate directors based on the harm their conduct caused **to the corporation in Tennessee**. Rather, in the sole decision upon which the Director Defendants rely where the fiduciary shield doctrine was actually applied, the court explained that the doctrine protects corporate officers and directors from personal jurisdiction where they have acted **in their fiduciary capacities** as officers or directors of the corporation – rather than in violation thereof, as alleged here – and **the corporation** has committed harm that jurisdiction. *See Jowers v. Beck*, No. 1:09-cv-1131, 2010 WL 455280, *3-4 (W.D. Tenn. Feb. 2, 2010) (finding that the fiduciary shield doctrine protected defendant from personal jurisdiction where the actions of which plaintiffs complained were those he committed in his capacity as president of the defendant company). Likewise, in *Weller v. Cromwell Oil Co.*, what the Sixth Circuit actually expressed "serious doubt" about was whether the specific activities of the

corporate officers described in an affidavit submitted by plaintiff, which alleged in the disjunctive that, either the company or the officer defendants sent agents into Ohio, and plaintiff received advertising materials from either the company or the officer defendants, were sufficient to subject the nonresident officer defendants to jurisdiction in Ohio. *See Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930-31 (6th Cir. 1974). *Boles* similarly does not support the Director Defendants' argument; there, the Tennessee Court of Appeals affirmed the trial court's determination that it did indeed have personal jurisdiction over an officer of a company, declining to apply the fiduciary shield doctrine. *Boles*, 175 S.W.3d at 251.

Accordingly, irrespective of the fiduciary shield doctrine, the Director Defendants' harm to the Tennessee-based Funds provides this Court with jurisdiction over them. *See Askanase*, 1993 U.S. Dist. LEXIS 19370, at *4 (declining to apply fiduciary shield doctrine where corporate officer was "alleged, *inter alia*, to have received preferential payments and fraudulent transfers, and to have committed corporate waste, mismanagement, and breach of fiduciary duties"); *see also In re InfoSonics Corp.*, 2007 U.S. Dist. LEXIS 66043, at *12 ("Although a court cannot rely solely on the status of a defendant as a director or officer to find the existence of personal jurisdiction, it can base personal jurisdiction on acts that a corporate officer personally authorizes, directs, or meaningfully participates in."); *Mehlenbacher*, 2005 U.S. Dist. LEXIS 42007, at **39-40 (holding that the court had specific jurisdiction over director defendant even though there were no allegations that the director ever visited Florida; the complaint alleged that the director breached his fiduciary duty, thereby harming the corporation which maintained a principal place of business in Florida).

Regardless, dismissal of a corporation's directors on the basis of lack of personal jurisdiction in the context of a shareholder derivative action is improper without first allowing

discovery.  *See In re InfoSonics Corp. Derivative Litig.*, No. 06cv1336 BTM, 2007 U.S. Dist. LEXIS 20450, at *5 (S.D. Cal. Mar. 21, 2007) (finding that jurisdictional discovery was warranted with respect to director defendants in a shareholder derivative action).  As the district court in *InfoSonics* explained:

> Both [directors] admit that they have traveled to California approximately three or four times a year to attend Board or committee meetings.  To the extent that [the directors] gained knowledge, took actions, or failed to take actions during these Board or committee meetings that gave rise to Plaintiffs' claims, [the directors'] contacts with California would be sufficient to satisfy the "minimum contacts" test.  [The directors] purposefully availed themselves of the privilege of conducting Board and committee business in the forum state, and to the extent Plaintiffs' claims arose out of [the directors'] forum-related activities, the exercise of jurisdiction would be fair and reasonable.

*Id*. at *6.

In the case at bar, defendants Johnson, Pittman and Stone have not disclosed whether or to what extent they have traveled to or otherwise had contact with Tennessee in connection with their Fund-related activities, *e.g.*, participation in board and committee meetings, communications with Fund employees, communications with Fund auditors and attorneys, etc. Accordingly, Plaintiffs' claims on behalf of the Funds against defendants Johnson, Pittman and Stone should not be dismissed without at least allowing Plaintiffs to take limited discovery as to such defendants' contacts with the State of Tennessee in connection with their positions as directors of the Funds.

## IV.   <u>CONCLUSION</u>

For all of the foregoing reasons, the Court should deny the Director Defendants' Motion in its entirety.  However, should the Court grant the Motion, in whole or in part, Plaintiffs respectfully request leave to amend their Complaint.[6]

---

[6] Leave to amend shall be freely given.  Fed. R. Civ. P. 15(a)(2).  *See also*, *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) ("Though the decision to grant leave to amend is committed

Dated:  July 19, 2011                           Respectfully submitted,

                                                **BRAMLETT LAW OFFICES**
                                                **By:**


                                                /s/ Paul Kent Bramlett
                                                **PAUL KENT BRAMLETT TN#7387**

Paul Kent Bramlett   TN #7387/MS #4291
Robert Preston Bramlett    TN #25895
**BRAMLETT LAW OFFICES**
2400 Crestmoor Road
P. O. Box 150734
Nashville, TN  37215
Telephone:     (615) 248-2828
Facsimile:     (615) 254-4116
E-mail :       pknashlaw@aol.com
               Robert@BramlettLawOffices.com

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Eric L. Zagar
Robin Winchester
Kristen L. Ross
Richard Kim
280 King of Prussia Road
Radnor, PA 19087
Telephone:     (610) 667-7706
Facsimile:     (267) 948-2512
E-mail :       ezagar@ktmc.com
               rwinchester@ktmc.com
               kross@ktmc.com
               rkim@ktmc.com

*Attorneys for Plaintiffs*

---

to the trial court's discretion, that discretion is limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits."); *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) ("Rule 15 encourages federal courts to look favorably on requests to amend.").  Indeed, this Court has stated that under Rule 15, "a court shall freely give leave to amend a pleading unless 'the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'"  *Olson v. Regions Bank*, No. 09-2017, 2010 U.S. Dist. LEXIS 62791, at *6 (W.D. Tenn. June 23, 2010) (Mays, J.) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served a true and exact copy of the above and

foregoing:

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION
OF DEFENDANTS JACK R. BLAIR, ALBERT C. JOHNSON, JAMES STILLMAN
R. MCFADDEN, W. RANDALL PITTMAN, MARY S. STONE, AND ARCHIE W.
WILLIS, III TO DISMISS PLAINTIFFS' VERIFIED CONSOLIDATED
SHAREHOLDER DERIVATIVE COMPLAINT**

by filing the document on the ECF filing system, which serves the following attorneys:

**Nicole A. Baker**
K & L GATES LLP
1601 K. Street, N.W.
Washington, DC 20006-1600
202-778-9018
202-778-9100 (fax)
nicole.baker@klgates.com

**Matthew M. Curley**
BASS BERRY & SIMS PLC
150 Third Avenue South
Ste. 2800
Nashville, TN 37201
615-742-6200
mcurley@bassberry.com

**Michael L. Dagley**
BASS BERRY & SIMS PLC
150 Third Avenue South
Ste. 2800
Nashville, TN 37201
615-742-6200
615-742-2803 (fax)
mdagley@bassberry.com

**Kevin C. Logue**
PAUL HASTINGS JANOFSKY & WALKER, LLP
75 East 55th Street
New York, NY 10022
212-318-6223
212-230-7620 (fax)
kevinlogue@paulhastings.com

**Jeffrey B. Maletta**
K & L GATES LLP
1601 K. Street, N.W.
Washington, DC 20006-1600
202-778-9062
202-778-9100 (fax)
jeffrey.maletta@klgates.com

**R. Harold Meeks, Jr.**
PURSLEY LOWERY & MEEKS, LLP
260 Peachtree Street
Suite 2000
Atlanta, GA 30303
404-880-7180
404-880-7199 (fax)
hmeeks@plmllp.com

**W. Brantley Phillips, Jr.**
BASS BERRY & SIMS PLC- Nashville
150 3rd Avenue South
Suite 2800
Nashville, TN 37201
615-742-7723
bphillips@bassberry.com

    **SO CERTIFIED** this 19th day of JULY, 2011.


                    s/*Paul Kent Bramlett*
                    ***PAUL KENT BRAMLETT***