IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | | |
|---|---|---|
| _____ ) | | |
| IN RE REGIONS MORGAN KEEGAN ) SECURITIES, DERIVATIVE and ERISA ) LITIGATION ) ) | No. 2:09-md-02009-SHM | |
| This Document Relates to: ) ) | | |
| *In re Helios Closed-End Fund Derivative Litigation*, No. 2:10-cv-02188-SHM-dkv ) ) _____) | | |

**FORMER INDEPENDENT DIRECTORS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' VERIFIED CONSOLIDATED <u>SHAREHOLDER DERIVATIVE COMPLAINT</u>**

Jeffrey B. Maletta
Nicholas G. Terris
Nicole A. Baker
K&L GATES LLP
1601 K Street, NW
Washington, DC 20006-1600
(202) 778-9000

*Attorneys for Jack R. Blair, Albert C. Johnson, James Stillman R. McFadden, W. Randall Pittman, Mary S. Stone, and Archie W. Willis, III*

The Former Independent Directors hereby reply to plaintiffs' Memorandum of Law in Opposition to the Former Independent Directors' Motion to Dismiss, dckt. no. 62 (filed July 19, 2011) (the "Opposition" or "Opp.").[1]

## PRELIMINARY STATEMENT

Plaintiffs have not offered - and cannot offer - any cogent basis to distinguish this case from Landers.  It is therefore beyond serious dispute that plaintiffs lack standing to maintain this action.

The Opposition's responses to the Former Independent Directors' personal jurisdiction arguments amount to an unpersuasive request that the Court both disregard a precedential opinion of the Tennessee Court of Appeals on the Tennessee fiduciary shield doctrine and shift to defendants the plaintiffs' burden to plead and prove personal jurisdiction.

Finally, in light of controlling pleading standards, it is meritless for plaintiffs to suggest that the handful of boilerplate, conclusory allegations against the Former Independent Directors are adequate to state a claim.

**I.  PLAINTIFFS MAY NOT PURSUE A SHAREHOLDER DERIVATIVE ACTION IN THE FACE OF THE NEW BOARD'S DETERMINATION TO INVESTIGATE THE ACTION**

It is undisputed that plaintiffs' demand "waived any claim they might otherwise have had that the board cannot independently act on the demand."  In re Regions Morgan Keegan Sec. Derivative, and ERISA Litig., 742 F. Supp. 2d 917, 924 (W.D. Tenn. 2010) (citation and quotation marks omitted).

---

[1]  The Former Independent Directors' opening Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Verified Consolidated Shareholder Derivative Complaint, dckt. no. 44-1 (filed Jan. 24, 2011), will be referred to as the "Memorandum" or "Mem."  This Reply Memorandum uses the same abbreviations and defined terms as the Memorandum.

Plaintiffs observe, however, that, in the Landers action, this Court ordered a stay rather than a dismissal. See Opposition at 2, 4. But plaintiffs' obvious lack of standing supports a dismissal as well as a stay. See, e.g. In re Smith & Wesson Holding Corp. Derivative Litig., 743 F. Supp. 2d 14, 21-22 (D. Mass. 2010) (where defendants in a "demand required" shareholder derivative case so request, dismissal rather than stay is the proper remedy) (collecting cases); In re Sapient Corp Derivative Litig., 555 F. Supp. 2d 259, 264 n.43 (D. Mass. 2008) ("Because the appropriate remedy for failure to comply with Rule 23.1 is dismissal, Plaintiffs' request for a stay while the Board considers their demand is DENIED.") (citation omitted).

Irrespective of whether the Court is inclined to order a stay or a dismissal in this instance, however, the fundamental point is that this Court's ruling in Landers makes clear that plaintiffs have no ability to continue to litigate this case. Accord Stotland v. GAF Corp., 469 A.2d 421, 422 (Del. 1983) ("once a demand has been made, absent a wrongful refusal, the stockholders' ability to initiate a derivative suit is terminated"); Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 103 (1991) ("Once a demand has been made, the decision to block or to terminate the litigation rests solely on the business judgment of the directors.").

## II. PLAINTIFFS FAIL TO ALLEGE ANY BASIS FOR EXERCISING PERSONAL JURISDICTION OVER CERTAIN FORMER INDEPENDENT DIRECTORS

Plaintiffs suggest that the Former Independent Directors have forfeited the opportunity to contest personal jurisdiction because they did not argue against this Court's exercise of personal jurisdiction or affirmatively sought transfer to this Court *in other cases*. See Opp. 9, 10-11. "A party's consent to jurisdiction in one case, however, extends to that case alone." Klinghoffer v. S.N.C. Achille Lauro, 937 F.2d 44, 50 n.5 (2d Cir. 1991).[2]

---

[2]   Accord U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd., 357 F. Supp. 2d 924, 935 n.25 (E.D. Va. 2005) ("[I]t is plainly not the case that by submitting to jurisdiction in one case that a party consents to all future suits against the party in that district, even if they are related.");

2

The Opposition (at pp. 9, 12-13, 15-16) also fundamentally misconceives the nature of the relevant inquiry. It is **plaintiffs' burden** to plead and ultimately prove facts supporting personal jurisdiction. Dean v. Motel 6 Operating L.P., 134 F.3d 1269, 1272 (6th Cir. 1998). Here, no party has submitted affidavits, and so the only relevant question is whether the "complaint [has] established with reasonable particularity those specific facts that support jurisdiction." Palnik v. Westlake Entm't, Inc., 344 Fed. Appx. 249, 251 (6th Cir. Aug. 31, 2009) (citation and internal quotation marks omitted). Only such allegations suffice to make out the "prima facie case that entitles [plaintiff] to discover jurisdictional facts." Id. at 253.

As demonstrated in the Memorandum, the Complaint alleges nothing that would justify the exercise of personal jurisdiction over Former Independent Directors Johnson, Pittman, and Stone, who are alleged to be citizens of Alabama. See Mem. 3. Even the putative jurisdictional contacts asserted only in the Opposition (which are *not* properly considered[3]) consist of the exercise of routine corporate duties (e.g., attending board meetings, Opp. 9, 12-13). But Tennessee has recognized that "[t]he fiduciary-shield doctrine precludes jurisdiction over an individual acting exclusively as a corporate officer on behalf of a bona fide corporation." Boles v. Nat'l Dev. Co., Inc., 175 S.W.3d 226, 251 (Tenn. App. 2005). Accord Jowers v. Beck, 09-cv-

---

Mallinckrodt Med., Inc. v. Sonus Pharms., Inc., 989 F. Supp. 265, 271 (D.D.C. 1998) ("It would be ludicrous to suggest that [parties] consented to the jurisdiction of this Court for all time, with respect to all potential competitors, and for all purposes, simply because they once chose to sue ... here."). Scottish Air Int'l v. British Caledonian Group, PLC, 152 F.R.D. 18, 24 (S.D.N.Y. 1993), cited at page 11 of the Opposition is fully consistent with this principle. The court there simply recognized that it could exercise personal jurisdiction over a litigant to enforce a settlement agreement so ordered by the court in the same case where the litigant had submitted to the Court's personal jurisdiction.

[3] "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984).

3

1131-JDB, 2010 WL 455280, at *4 (W.D. Tenn. Feb. 2, 2010) (applying Boles' articulation of the fiduciary shield doctrine).[4]

Notwithstanding plaintiff's erroneous suggestion, Opp. 13-14, the doctrine plainly applies where as here a corporate or director is not accused of engaging in self-dealing or some other activity completely unrelated to the corporate purpose and is merely alleged to have failed in the performance of his fiduciary duties. See, e.g. Boles, 175 S.W.3d at 251 (doctrine "precludes jurisdiction over an individual acting exclusively as a corporate officer"); Mozes on Behalf of Gen. Elec. Co. v. Welch, 638 F. Supp. 215, 222-24 (D. Conn. 1986) (applying fiduciary shield doctrine and dismissing shareholder derivative claims against directors for lack of personal jurisdiction).

Plaintiffs opine that Tennessee's long arm statute authorizes a court to exercise personal jurisdiction to the fullest extent permitted by the United States Constitution. Opp. 11-12. But the fiduciary shield doctrine is animated by the same concerns for fairness as the due process clause.[5] In any event, a state is free to narrowly construe a statute or apply an equitable doctrine to limit the law in a manner different than a federal court might apply the same statutory text. See Smith v. Bayer Corp., 131 S.Ct. 2368, 2377 (2011) ("Federal and state courts, after all, can and do apply identically worded procedural provisions in widely varying ways. If a State's

---

[4] See also Word Music, LLC v. Priddis Music, Inc., No. 3:07-cv-0502, 2007 WL 3231835, at *5 (M.D. Tenn. Oct. 30, 2007) (citing Boles v. Nat'l Dev. Co., 175 S.W.3d 226 (Tenn.Ct.App.2005); id. at *8 ("Generally speaking, jurisdiction over individual officers and employees of a corporation may not be predicated merely upon jurisdiction over the corporation.") (quoting Warren v. Dynamics Health Equip. Mfg. Co., 483 F. Supp. 788 (M.D.Tenn.1980)); Warren, 483 F. Supp. at 791-93 (pre-Boles case applying fiduciary shield doctrine under Tennessee law).

[5] See, e.g., McClelland v. Watling Ladder Co., 729 F. Supp. 1316, 1321 (W.D. Okla. 1990) ("the fiduciary shield doctrine and the due process clause are animated by a similar concern for fairness").

4

procedural provision tracks the language of a Federal Rule, but a state court interprets that provision in a manner federal courts have not, then the state court is using a different standard and thus deciding a different issue.").[6]

Given that the Tennessee Court of Appeals has spoken, it is unpersuasive for plaintiff to suggest that the Court adopt plaintiffs' view of the statute or the law of other jurisdictions. Opp. 13, 15, 16 (citing California and Florida law). "[P]ublished opinions of the intermediate appellate courts… have precedential value and may be relied upon by the bench and bar of this state as representing the present state of the law with the same confidence and reliability as the published opinions of this Court, so long as either are not overruled or modified by subsequent decisions." Meadows v. State, 849 S.W.2d 748, 752 (Tenn. 1993).

## III. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST THE FORMER INDEPENDENT DIRECTORS

Plaintiffs' citation to the Complaint's conclusory allegations that the Independent Directors acted "knowingly," Opp. 6, citing Compl. ¶¶ 6-8, 49-50, 51, 54-56, 58-60, 64-72, 91-94, does not satisfy the requirement in Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937 (2009), that a plaintiff plead sufficient *facts* to plausibly support a claim – especially one that turns on an individual's knowledge or state of mind. Id. at 1950-52.

---

[6] Simplex Healthcare, Inc. v. Marketlinkx Direct, 761 F. Supp. 2d 726, 731 (M.D. Tenn. 2011), relied in part on the court's own reading of the statutory language and thus committed the error corrected by the Supreme Court in Bayer. Simplex also reasoned that the recitation of the fiduciary shield doctrine in Boles may have been dictum. Simplex, 761 F. Supp. 2d at 731-32. As discussed in the text, however, the Tennessee Supreme Court has indicated that published opinions of the Tennessee Court of Appeals are entitled to great weight unless and until the State high court overrules them. Meadows v. State, 849 S.W.2d 748, 752 (Tenn. 1993). And considered dictum in Tennessee appellate court opinions generally is accorded precedential weight. See Holder v. Tennessee Judicial Selection Comm'n, 937 S.W.2d 877, 881-82 (Tenn. 1996) (courts "are not free to disregard, on the basis that the statement is *obiter dictum*, the pronouncement of a superior court when it speaks directly on the matter before it, particularly when the superior court seeks to give guidance to the bench and bar").

5

Further, plaintiffs' bald claims of intentional misconduct plainly sound in fraud and thus also trigger the heightened pleading requirements of Fed. R. Civ. P. 9(b). Contrary to plaintiff's argument, Opp. 5, "Rule 9(b) applies to 'averments of fraud,' not claims of fraud, so whether the rule applies will depend on the plaintiffs' factual allegations." Borsellino v. Goldman Sachs Group, Inc., 477 F.3d 502, 507 (7th Cir. 2007). Thus, "even claims of a breach of fiduciary duties are subject to Rule 9(b)." Thornton v. Evans, 692 F.2d 1064, 1083 n.43 (7th Cir. 1982). See also N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale, 567 F.3d 8, 15 & n.4 (1st Cir. 2009) (Rule 9(b) covers claims of breach of fiduciary duty where core allegations effectively charge fraud) (collecting cases); Bettinger v. Doueck, No. 10 Civ. 7653 (PKC), 2011 WL 2419799, at *6 (S.D.N.Y. Jun. 3, 2011) (similar). Plaintiffs do not and cannot argue that their allegations meet these heightened pleading standards. See Mem. 5-6.

Finally, notwithstanding another of plaintiffs' erroneous arguments, Opp. 7-9, "it is not improper for the court to consider the effect of… [an] exculpatory provision on a 12(b)(6) motion to dismiss." In re Sagent Tech., Inc. Derivative Litig., 278 F. Supp. 2d 1079, 1095 n.9 (N.D. Cal. 2003). When, as here, there is an exculpatory charter provision, a plaintiff bears the burden of plausibly pleading facts (not conclusions) that are outside the ambit of an exculpatory clause. Defendants bear the burden of proving exculpation if and only if plaintiff has met that burden, which plaintiffs plainly have not here. See Emerald Partners v. Berlin, 787 A.2d 85, 92 (Del. 2001) ("in actions against the directors of Delaware corporations with a Section 102(b)(7) charter provision, a shareholder's complaint must allege well-pled facts that, if true, implicate breaches of loyalty or good faith"); McPadden v. Sidhu. 964 A.2d 1262, 1274-75, 1277 (Del. Ch. 2008) (granting motion to dismiss based on exculpatory provision even though directors acted "badly") (internal quotation marks omitted).

6

## **CONCLUSION**

The Complaint should be dismissed with prejudice.[7]

DATED this 18th of August 2011.

                                        Respectfully submitted,

                                        /s/ Nicole A. Baker
                                        Jeffrey B. Maletta
                                        Nicholas G. Terris
                                        Nicole A. Baker
                                        K&L GATES LLP
                                        1601 K Street, NW
                                        Washington, DC  20006-1600
                                        (202) 778-9000
                                        jeffrey.maletta@klgates.com
                                        nicholas.terris@klgates.com
                                        nicole.baker@klgates.com

                                        *Attorneys for Jack R. Blair, Albert C. Johnson, James Stillman R. McFadden, W. Randall Pittman, Mary S. Stone, and Archie W. Willis, III*

---

[7] Plaintiffs suggest in the final sentence of the Opposition and an accompanying footnote that the Court allow them to amend their pleading with additional (unspecified) allegations. Opp. 16 n.6.  The Court should deny this request given that plaintiffs have failed to file a motion to amend the complaint.  See CNH America LLC v. UAW, 645 F.3d 785, 2011 WL 1833202 (6th Cir. 2011); Louisiana Sch. Emps.' Ret. Sys. v. Ernst & Young LLP, 622 F.3d 471, 486 (6th Cir. 2010); PR Diamonds, Inc. v. Chandler, 364 F.3d 671, 699 (6th Cir. 2004).

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 18, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following and/or serve the following via U.S. Mail:

**BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**
ERIC L. ZAGAR
ROBIN WINCHESTER
TARA P. KAO
280 King of Prussia Road
Radnor, PA 19087

**BRAMLETT LAW OFFICES**
PAUL KENT BRAMLETT
ROBERT PRESTON BRAMLETT
24 Crestmoor Road
P.O. Box 150734
Nashville, TN 37215

**PURSLEY LOWERY & MEEKS, LLP**
R. HAROLD MEEKS, JR.
ROBIN A. BESAW
260 Peachtree Street, NW
Suite 2000
Atlanta, GA 30303

**BASS BERRY & SIMS PLC**
MICHAEL L. DAGLEY
MATTHEW M. CURLEY
W. BRANTLEY PHILLIPS, JR.
150 Third Avenue South, Suite 2800
Nashville, TN 37201

**BASS BERRY & SIMS PLC**
SHEPHERD D. TATE
MICHAEL A. BRADY
100 Peabody Place, Suite 900
Memphis, TN 38103

**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
KEVIN C. LOGUE
75 East 55th Street
New York, NY 10022

                                                /s/ Nicole A. Baker